IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MEARLENE THOMPSON,

        Plaintiff,

v.                                             CIVIL ACTION NO.  2:20-cv-00258

INTEC COMMUNICATIONS, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Dismiss, [ECF No. 7], filed by Defendants Cebridge Acquisition, LLC ("Cebridge") d/b/a/ Suddenlink Communications; Cequel Communications, LLC; Cequel III Communications I, LLC d/b/a/ Suddenlink; Cequel III Communications II, LLC d/b/a/ Suddenlink Communication; and Universal Cable Holding, Inc. ("Universal") d/b/a Suddenlink Communications. As they are in the Complaint, these Defendants are collectively referred to as "Suddenlink Entities." Plaintiff has responded, [ECF No. 12]. Defendants Suddenlink Entities have replied, [ECF No. 15], and the Motion is now ripe for adjudication. For the reasons that follow, the Motion is **DENIED**.

I.    **Background**

This case arises out of a car accident on Route 94, in Kanawha County. *See* Compl. Ex. A [ECF No. 1—1] ¶ 4. The suit was originally filed in the Circuit Court of Kanawha County but was removed on the basis of diversity jurisdiction on April 13, 2020. [ECF No. 1].

The Complaint alleges that on November 14, 2019, Plaintiff was riding as a passenger in a motor vehicle when the vehicle was struck in a head on collision by a minivan owned and operated by Jamel Whitehurst. Compl. Ex. A [ECF No. 1—1] ¶ 2–4. The vehicle was allegedly being used by Whitehurst to "do cable installations for the cable system known as Suddenlink, and its affiliated defendants doing business as Suddenlink." *Id.* at ¶ 5. The Complaint alleges that Whitehurst illegally passed a large coal truck on a double yellow line, "i.e. no passing zone" and struck Plaintiff's vehicle, which was travelling in the opposite direction, head-on. *Id.* at ¶ 6.

According to the Complaint, "Whitehurst did not, and does not, have a business license nor general liability insurance in the State of West Virginia" *Id.* at ¶ 5 Plaintiff further claims that "Whitehurst was not a legitimate sub-contractor to anyone, and the level of control exerted shows him to be a deemed employee of all the other defendants." *Id.* Plaintiff states that the county commission of Kanawha County, West Virginia, has a franchise agreement with Defendant Cebridge Acquisition, LLC (d/b/a/ Suddenlink Communication) to "operate and repair a cable system in, over, along an under county roads and appropriate rights-of-way in the franchise area for the purpose of providing a cable service." *Id.* at ¶ 9.

Plaintiff brings claims against the following Defendants: James Whitehurst; Intec Communications, LLC ("Intec"); STL Installers, LLC ("STL"); and Suddenlink Entities.

Count I of the Complaint alleges gross negligence against Defendant Whitehurst. *Id.* at ¶¶ 1–9. Count II of the Complaint alleges negligence in "failing to


properly train and supervise" Defendant Whitehurst and vicarious liability for the negligence of Defendant Whitehurst against Defendant Intec. *Id.* at ¶ 17. Count II also claims that Defendant Intec's "operations on behalf of Suddenlink in the State of West Virginia were unlawful at the time of this accident as Intec was not admitted to do business in this State until January 25, 2018." *Id.* at ¶ 19. Count III of the Complaint alleges negligence in "failing to properly train and supervise" Defendant Whitehurst and vicarious liability for Defendant Whitehurst negligence against STL. *Id.* at ¶ 30. The Complaint also claims that STL was never authorized to do business in West Virginia. *Id.* at ¶ 29. Count IV of the Complaint alleges that Suddenlink Entities are vicariously liable for the negligent and/or reckless actions of Defendants Whitehurst, Itec and STL. *Id.* at 44–46. Count IV claims liability against Suddenlink based on a theory of joint venture. *Id.* at ¶ 43.

Now, Defendants Suddenlink Entities move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

In reviewing the sufficiency of a complaint pursuant to Rule 12(b)(6), a court is generally limited to the allegations contained within the "four corners" of the pleading and "documents incorporated into the complaint by reference." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir.2011) (citation omitted); *see also CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). Consideration of extrinsic evidence converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). In this case, Plaintiff relies upon extrinsic evidence, presenting to the court a "Franchise Agreement" between Cebridge d/b/a Suddenlink Communications and the Kanawha County Commission. At this stage in

the proceedings, I review only the Complaint and therefore do not consider the "Franchise Agreement."[12]

## III. Discussion

Defendants Suddenlink Entities petition for dismissal, arguing that Plaintiff failed to state a claim against them because the Complaint does not plausibly allege a joint venture. I disagree and find that dismissal at this stage in the litigation would be premature.

"The law presumes that two separately incorporated businesses are separate entities and that corporations are separate from their shareholders." Syl pt. 3, *Southern Elec. Supply Co. v. Raleigh County Nat'l Bank*, 320 S.E.2d 515 (W. Va. 1984). "The corporate form will never be disregarded lightly." *S. States Co-op., Inc. v. Dailey*, 280 S.E.2d 821, 827 (W. Va. 1981). "The mere showing that one corporation is owned by another or that they share common officers is not a sufficient justification for a court to disregard their separate corporate structure." *Id.* To disregard the

---

[1] Defendants also argue that the Franchise Agreement is irrelevant because it was dated and executed on July 18, 2019 and "[p]er the Plaintiff's Complaint, the subject accident occurred on November 14, 2017." The Complaint makes contradictory statements about when the accident occurred. Confusingly, the Complaint plainly states that the accident occurred on "November 14, 2019," which would obviously be after the execution of the "Franchise Agreement." Pl.'s Compl. Ex. A [ECF No. 1–1] ¶ 2. Yet the Complaint also states that "Intec obtained workers compensation coverage in West Virginia as of December 18, 2017… i.e. after the subject accident but prior to being licensed in the State…" *Id.* at ¶ 20.

[2] The Complaint makes several references to the Franchise Agreement. Although I do not consider the Franchise Agreement itself as evidence, I accept as true the factual assertions about the agreement made in the Complaint, as is required by the Rule 12(b)(6) standard. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

corporate form, "it must be shown that the corporation is so organized and controlled as to be a mere adjunct or instrumentality of the other." *Id.*

Separate corporate entities, however, can be held liable for the actions of each other in certain circumstances, such as in a joint venture. *See Armor v. Lantz*, 535 S.E.2d 737, 742 (W. Va. 2000). Under West Virginia law, "a joint venture 'is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge. It arises out of a contractual relationship between the parties. The contract may be oral or written, express or implied.'" *Id.* (citing Syl. pt. 2, *Price v. Halstead*, 177 W.Va. 592, 355 S.E.2d 380 (1987)). A joint venture relates to a single business transaction, as opposed to a partnership, which relates to a general business. *Id.* Like a partnership though, the members of a joint venture are "jointly and severally liable for all obligations pertaining to the venture and the actions of the joint venture bind the individual co-venturers." *Id.* The essential elements of a joint venture are "an agreement to share profits and joint management and control of the business enterprise." *Dailey v. Ayers Land Dev., LLC*, 825 S.E.2d 351, 358 (W. Va. 2019). Determining whether or not a joint venture exists is "normally a question to be answered by the trier of fact." *Armor*, 535 S.E.2d at 742 (citing *Bowers v. Wurzburg*, 207 W.Va. 28, 528 S.E.2d 475, 484 (1999)).

In this case, although Defendants Suddenlink Entities are separate corporate entities, Plaintiff alleges sufficient facts in the Complaint to plausibly plead joint liability through a theory of joint venture. Plaintiff alleges that Defendant Cebridge

6

signed a franchise agreement with the Kanawha County Commission to provide cable television, internet, and associated services in Kanawha County West Virginia. *See* Pl.'s Compl. Ex. A [ECF No.1–1] ¶ 33. Plaintiff further alleges that Defendants Cequel Communications, LLC, Cequel III Communications I, LLC, Cequel III Communications II, LLC, and Universal are partners and agents operating a joint venture with Defendant Cebridge in providing those services to customers in Kanawha County. *Id.* at ¶ 34. According to Plaintiff, these Defendants entered into an agreement to provide the services required in the franchise agreement. *See id.* The franchise agreement provides that Defendants Suddenlink Entities shall be responsible for all acts or omissions of its contractors or subcontractors. *Id.* ¶ 36. Taking the factual allegations in the Complaint as true, there is a sufficient basis for imposing liability based on joint venture as to satisfy the pleading standard. Thus, dismissing the Complaint at this point would be premature.

Moreover, the Complaint plausibly alleges that Defendants Suddenlink Entities were liable for the allegedly tortious acts of Defendant Whitehurst. The agreement requires Defendants Suddenlink Entities to ensure that work, performed by its contractors and subcontractors, complies with the requirements of the franchise and applicable law as well as standard of ordinary care. *Id.* ¶¶ 36, 37. The Complaint claims that Defendants Suddenlink Entities contracted with Defendant Intec whereby Defendant Intec would complete the object of the joint venture, i.e. the installation and repair services for Defendant Suddenlink Entities' customers that were subject to the franchise agreement. *See id.* at ¶¶ 39, 40. The Complaint alleges

that Intec then entered into a contract with STL, which contracted with Defendant Whitehurst to perform the installation and repair services at issue. *Id.* at ¶¶ 40–43. The Complaint alleges that Defendants Suddenlink Entities maintained supervisory control, specified the work conditions, supplied equipment, provided the workplace, and kept control of the means and manner of the performance of Defendant Whitehurst on these jobs. *Id.* at ¶ 44. Plaintiff alleges that Defendant Whitehurst was acting within the scope of his employment when he "negligently operated his vehicle in a gross, negligent, wanton, and reckless manner, as to cause it to crash head-on into" Plaintiff Thompson's car. *Id.* at ¶ 46. The Complaint plausibly states a claim upon which relief can be granted against Defendants Suddenlink Entities. Defendants' Motion is **DENIED**.

## IV. Conclusion

Defendants' Motion to Dismiss, [ECF No. 7], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 4, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE